IN THE UNITED STATES DISTRICT COURT FILED
FOR THE NORTHERN DISTRICT OF OKLAHOMA

APR 18 2017

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

(1)JENNIFER LYNNE INKS,          )
                                 )
                  Plaintiff,     )
                                 )   **17 CV  210 GKF - FHM**
v.                               )   Case No. _____
                                 )
(1)USAA GENERAL INDEMNITY        )   *(Removed from District Court*
COMPANY                          )   *of Pawnee County*
                                 )   *Case No. CJ-2017-21)*
                  Defendant.     )

## NOTICE OF REMOVAL

Defendant USAA General Indemnity Company ("USAA GIC"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes the above-captioned action pending in the District Court of Pawnee County, Oklahoma, to the United States District Court for the Northern District of Oklahoma. The grounds for removal are as follows:

1.    Plaintiff commenced this action styled *Jennifer Lynne Inks v. USAA General Indemnity Company*, Case No. CJ-2017-21 (the "Action"), by filing a Petition with the District Court of Pawnee County, Oklahoma (hereinafter referred to as the "Complaint"), on March 13, 2017.

2.    The Complaint asserts claims against USAA GIC for alleged breach of contract and breach of the implied covenant of good faith and fair dealing. Plaintiff seeks damages in an amount in excess of $75,000, exclusive of attorneys' fees, costs, and interest. *See* Complaint at "Wherefore" clause (Ex. 1).

3.    The Complaint in the Action is attached as Exhibit 1. A copy of the Docket Sheet, Pawnee County, Case No. CJ-2017-21, is attached as Exhibit 2. A copy of a filed return

*Fees Pd*

of service is attached as Exhibit 3. A copy of the service of process through CT Corporation on USAA GIC is attached as Exhibit 4. USAA GIC is unaware of the existence of any process, pleadings, or orders other than the documents included in Exhibit 1-4. Moreover, there are no motions pending before the Pawnee County District Court in this matter, nor are any hearings currently set.

4. As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 because USAA GIC has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

**I. USAA GIC has satisfied the procedural requirements for removal.**

5. USAA GIC was served with the Complaint on March 29, 2017. *See* Ex. 4. Therefore, this removal is timely filed under 28 U.S.C. § 1446(b).

6. Under 28 U.S.C. § 1446(a), the United States District Court for the Northern District of Oklahoma is the appropriate court for filing this Notice of Removal from the District Court of Pawnee County, Oklahoma, where the Action was pending. *See* 28 U.S.C. § 116(a).

7. Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1391(b).

**II. Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. § 1332.**

8. This Court has original jurisdiction over this action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a) because this is a civil action (A) where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (B) between citizens of different states. Thus, the Action may be removed to this Court by USAA GIC pursuant to 28 U.S.C. § 1441(a).

## A. The amount in controversy requirement is satisfied.

9. It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of interest and costs. *See* Ex. 1, Complaint at "Wherefore" clause ("Plaintiff prays that this Court enter judgment against Defendant and grant her the relief sought including, but not limited to, actual and punitive damages in excess of Seventy Five Thousand Dollars ($75,0000) . . . .").

10. The assertions regarding damages in the Complaint are sufficient to demonstrate that the amount in controversy requirement for diversity jurisdiction has been met. 28 U.S.C. § 1446(c)(2).

## B. Complete diversity of citizenship exists between Plaintiff and USAA GIC.

11. USAA GIC is incorporated in Texas with its principal place of business in Texas. For purposes of determining diversity jurisdiction, USAA GIC is therefore a citizen of Texas.

12. Plaintiff is a resident of Oklahoma. *See* Ex. 1, Complaint, ¶ 1. Residence, while not equivalent to citizenship, is prima facie evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Domicile is equivalent to citizenship for purposes of diversity jurisdiction. *See Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006). Based on the foregoing and upon information and belief, Plaintiff is a citizen of the State of Oklahoma.

13. USAA GIC reserves the right to amend or supplement this Notice of Removal.

14. USAA GIC reserves all defenses, including, without limitation, those set forth in FED. R. CIV. P. 12(b).

15. USAA GIC has not yet filed a responsive pleading and reserves the right to file its responsive pleading in accordance with Fed. R. Civ. P. 81(c)(2)(C), or as otherwise extended by Order of this Court.

16. Written notice of the filing of this Notice of Removal will be given to Plaintiff's counsel and the state court promptly after the filing of the Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, USAA GIC removes this Action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446, and invokes this Court's jurisdiction.

Respectfully submitted this 18th day of April, 2017.

/s Jodi W. Dishman
Jodi W. Dishman, OBA # 20677
McAfee & Taft A Professional Corporation
211 North Robinson, 10th Floor
Oklahoma City, OK 73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
E-mail: jodi.dishman@mcafeetaft.com

ATTORNEY FOR DEFENDANT USAA
GENERAL INDEMNITY COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following registrants:

Jack Beesley, OBA # 30484
Michael E. Carr, OBA # 22520
Patrick E. Carr, OBA # 1506
A. Laurie Koller, OBA # 16857
ATTORNEYS FOR PLAINTIFF

Additionally, I hereby certify that a true and correct copy of the above and foregoing was sent by U.S. Postal Service this 18th day of April, 2017, to:

Jack Beesley, OBA # 30484
Michael E. Carr, OBA # 22520
Patrick E. Carr, OBA # 1506
Laurie Koller, OBA # 16857
4416 S. Harvard Avenue
Tulsa, OK 74135

ATTORNEYS FOR PLAINTIFF

*/s Jodi W. Dishman*
Jodi W. Dishman

IN THE DISTRICT COURT OF PAWNEE COUNTY
STATE OF OKLAHOMA

JENNIFER INKS,                          )
                                        )
        Plaintiff,                      )    Case No.: CJ-17-21
                                        )
v.                                      )
                                        )    ATTORNEY LIEN CLAIMED
USAA GENERAL INDEMNITY CO.,             )    JURY TRIAL DEMANDED
                                        )
        Defendant.                      )

FILED
In the District Court
PAWNEE COUNTY, OKLAHOMA

MAR 1 3 2017

JANET DALLAS, Court Clerk
BY____

## PETITION

This case is about Defendant USAA General Indemnity Co.'s failure to pay a claim after taking Plaintiff's money for her insurance policy premiums.

**COMES NOW** the Plaintiff, Jennifer Inks, by and through her attorney of record, Jack Beesley of Carr & Carr Attorneys, and for her cause of action against Defendant, USAA General Indemnity Company, submits and states as follows:

### PARTIES, JURISDICTION AND VENUE

1.  Plaintiff Jennifer Inks is a resident of Pawnee County, Oklahoma.

2.  Defendant USAA General Indemnity Company is a Foreign Corporation, doing business in, and availing itself of jurisdiction in, Pawnee County, Oklahoma. Specifically Defendant provides insurance policies to residents of Pawnee County, Oklahoma, including Plaintiff.

3.  The acts, occurrences, and omissions complained of herein occurred in Pawnee County, Oklahoma.

4.  This Court has jurisdiction and venue is proper in Pawnee County, Oklahoma.

### FACTS COMMON TO ALL CLAIMS

5.  Paragraphs 1-4 are incorporated herein by reference.

**EXHIBIT 1**

6. Plaintiff entered into an insurance contract/policy with Defendant wherein she insured her 2014 Kia Forte for liability and collision/comprehensive insurance coverage.

7. Plaintiff paid her premiums under this contract/policy through auto-draft out of her bank account.

8. Defendant drafted the September 2016 premium payment out of Plaintiff's bank account.

9. On or about September 14, 2016 Plaintiff was in a motor vehicle collision.

10. Plaintiff submitted a claim to Defendant for her vehicle, including the total loss, tow charges, and storage charges.

11. The other driver involved in the September 14 collision also made a claim against Plaintiff/her insurance for damage to her vehicle and for injuries.

12. Defendant denied these claims alleging Plaintiff failed to pay her premium.

13. The other driver involved in the September 14 collision is pursuing a claim and this has resulted in Plaintiff losing her driver's license since Defendant alleges that Plaintiff had no insurance as of the date of the collision. This would not have occurred if Defendant had paid the claim as it should have.

14. Plaintiff's son needs medical treatment that is far from their house, but Plaintiff cannot drive him without her driver's license (that was suspended due to Defendant's failure to provide insurance and pay the claim).

15. Plaintiff has repeatedly asked Defendant to pay the claims, but Defendant has wholly failed to do so.

16. Plaintiff has suffered embarrassment, anxiety, and depression due to Defendant's actions.

2

17. Plaintiff relied on Defendant to properly handle his claim and make payment on the claim pursuant to the aforementioned insurance contract/policy in a timely fashion. Plaintiff has met all of the conditions precedent for payment of claims under said insurance contract/policy.

18. Defendant unreasonably delayed, failed, and refused to pay the benefits under the insurance contract policy despite them being due and owing under said policy/contract.

19. Plaintiff has thus suffered damages due to Defendant's breach of contract and breach of its duty of good faith and fair dealing.

## CAUSES OF ACTION

### I. Breach of Contract

20. Paragraphs 1-19 are incorporated herein by reference.

21. Plaintiff was insured by a contract/policy with Defendant at the time of the event alleged herein, providing for coverage for such an occurrence like the one at issue in this case.

22. Pursuant to the terms of the contract/policy of insurance with Defendant, this is an occurrence wherein the coverages contained in said policy apply to the event involving Plaintiff, her vehicle, and the other driver involved in the September 14 collision.

23. Plaintiff has performed all conditions precedent under the contract/policy.

24. Defendant has breached its contract of insurance, has denied Plaintiff's claim, and has wholly refused or neglected to pay Plaintiff the value of her damages. Said failure constitutes a breach of contract of said insurance contract/policy and the Plaintiff has sustained damages. Plaintiff is thus entitled to a judgment against Defendant for the injuries sustained while a party to said contract/policy.

## II. Breach of the Implied Covenant of Good Faith and Fair Dealing

25. Paragraphs 1-24 are incorporated herein by reference.

26. Plaintiff had in effect, at the time of the September 14, 2016 event, a contract/policy providing coverage for collision/comprehensive/liability insurance loss with Defendant.

27. Defendant had, and continues to have, a duty to deal fairly and in good faith with their insured, Plaintiff Inks.

28. In its handling of Plaintiff's claim for payment/benefits under said insurance contract/policy, and as a matter of routing practice in handling similar claims, Defendant breached its duty to deal fairly and in good faith towards Plaintiff, in the following ways including, but not limited to:

    a.    Denying Plaintiff's claim for allegedly failing to pay her premium, when in fact Defendant collected the September 2016 premium out of Plaintiff's bank account;

    b.    Failing to conduct a full, fair, and timely investigation of Plaintiff's claim;

    c.    Failing to fully and fairly consider and evaluate the facts that were known, could have been known, or should have been known to Defendant with regards to Plaintiff's claim;

    d.    Wrongfully and unreasonably denying Plaintiff's claim;

    e.    Taking an adversarial approach to the evaluation of Plaintiff's claim;

    f.    Using trivial reasons to deny Plaintiff's claim when coverage/payment was clearly owed and due;

    g.    Failure to comply with industry standards;

h. Failing to reasonably construe the law applicable to Plaintiff's claim(s) and policy;

i. Attempting to shift the burden of investigation onto Plaintiff;

j. Unreasonably handling Plaintiff's claim causing Plaintiff to institute unnecessary litigation;

k. Failing to pay Plaintiff the insurance benefits that she was entitled to under the policy at the time when Defendants knew or should have known that the Plaintiff was entitled to those benefits;

l. Unreasonably delaying payment of benefits without a reasonable basis;

m. Refusing to pay Plaintiff's claim for reasons contrary to the express provisions of the law;

n. Intentionally and recklessly misapplying the provisions of the insurance policy;

o. Using its unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiff and to effect an economic gain for the Defendant by not paying an amount that they owed by virtue of the insurance contract;

p. Failing to properly investigate the Plaintiff's claim for benefits;

q. Failing to properly evaluate the investigation that was done on Plaintiff's claim for benefits;

r. Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policies including the claims of the Plaintiff;

s.      Impeding the Plaintiff by imposing burdensome documentation demands not required by the facts or the policy;

t.      Creating issues simply to compromise the duty to pay the coverage benefits owed to Plaintiff;

u.      Failing to attempt to act in good faith to effectuate a prompt, fair settlement for Plaintiff's claim.

29.      As a direct result of Defendant's breach of the implied covenant of good faith and fair dealing Plaintiff suffered damages, including the loss of her insurance policy benefits, loss of use of a vehicle, loss of her driver's license, mental and emotional distress, anxiety, stress, embarrassment, expenses and financial hardship.

### III. Punitive Damages

30.      Paragraphs 1-29 are incorporated herein by reference.

31.      The intentional, wanton, grossly negligent, and reckless conduct of Defendant in disregard of the rights of Plaintiff and others is, and was, conducted with full knowledge, in that Defendant knew, or reasonably should have known, of the severe adverse consequences of its acts and omissions and that such actions and/or inactions were not only detrimental to Plaintiff but the public in general.

32.      Defendant intentionally and/or recklessly denied Plaintiff's claim when it knew that said claim was valid with payment of the claim due and owing.

33.      As a result of Defendant's intentional, malicious and reckless actions and omissions, Plaintiff is entitled to recover punitive damages.

34.     Punitive damages should be awarded against Defendants in an amount sufficient to punish Defendants and deter others.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court enter judgment against Defendant and grant her the relief sought including, but not limited to, actual and punitive damages in excess of Seventy Five Thousand Dollars ($75,000.00), costs, pre-judgment interest, post-judgment interest and all other relief deemed appropriate by this Court.

Respectfully submitted,

CARR & CARR ATTORNEYS AT LAW

BY: _____

Jack Beesley, OBA #30484
Michael E. Carr, OBA #22520
Patrick E. Carr, OBA # 1506
A. Laurie Koller, OBA #16857
4416 South Harvard Avenue
Tulsa, OK 74135
Phone: (918) 747-1000
Fax: (918) 747-7284
*Attorneys for Plaintiff*



# OKLAHOMA
## State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR PAWNEE COUNTY, OKLAHOMA

JENNIFER LYNN INKS V. USSA GENERAL
INDEMNITY CO.

No. CJ-2017-00021
(Civil relief more than $10,000: BREACH
AGREEMENT/CONTRACT )

Filed: 03/13/2017

Judge: PICKERILL, PATRICK M

## PARTIES

USSA GENERAL INDEMNITY CO., Defendant
INKS, JENNIFER LYNN, Plaintiff

## ATTORNEYS

| Attorney | Represented Parties |
|---|---|
| CARR & CARR | |

## EVENTS

None

## ISSUES

1. BREACH AGREEMENT/CONTRACT

**EXHIBIT 2**

# DOCKET

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 03-13-2017 | | FILE & ENTER PETITION<br>Document Available (#CJ-2017-00021~1) 🖹 TIFF  📄 PDF | | | $ 163.00 |
| | | (Entry with fee only) | | | $ 6.00 |
| | | (Entry with fee only) | | | $ 7.00 |
| | | OKLAHOMA COURT INFORMATION SYSTEM FEE -<br>EFFECTIVE 07/01/04 | | | $ 25.00 |
| | | LENGTHY TRIAL FUND FEE | | | $ 10.00 |
| | | OK COURT APPOINTED SPECIAL ADVOCATES | | | $ 5.00 |
| | | 10% OF CASA TO COURT CLERK REVOLVING FUND | | | $ 0.50 |
| | | OK COUNCIL ON JUDICIAL COMPLAINTS REVOLVING<br>FUND | | | $ 1.55 |
| | | 10% OF COJC TO COURT CLERK REVOLVING FUND | | | $ 0.16 |
| | | STATE JUDICIAL REV. FUND INTERPRETER &<br>TRANSLATOR SERVICES | | | $ 0.45 |
| | | COURTHOUSE SECURITY FEE | | | $ 10.00 |
| | | 10% OF CHSC TO COURT CLERK RECOLVING FUND | | | $ 1.00 |
| | | 15% TO DISTRICT COURT REVOLVING FUND | | | $ 2.48 |
| 03-13-2017 | | ISSUE SUMMONS- USAA GENERAL INDEMNITY CO.<br>Document Available (#CJ-2017-00021~14) 🖹 TIFF  📄 PDF | | | $ 10.00 |
| 04-04-2017 | | FILE RETURN OF SERVICE<br>Document Available (#CJ-2017-00021~15) 🖹 TIFF  📄 PDF | | | |

## THE DISTRICT COURT IN AND FOR PAWNEE COUNTY
## STATE OF OKLAHOMA

JENNIFER LYNNE INKS,　　　　　　)
　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　)　　Case No. *C). 17. 21*
　　　　　　　　　　)
vs.　　　　　　　　　　)　　Judge *Pickerill*
　　　　　　　　　　)
USAA GENERAL INDEMNITY CO.　　)
　　　　　　　　　　)　　ISSUE *RTA*
　　　　　　　Defendant.　　　　)
　　　　　　　　　　)　　DATE *3/13/17*

### SUMMONS

To:　USAA General Indemnity Co., Defendant:

You have been sued by Jennifer Lynne Inks, Plaintiff, and you are directed to file a written answer to the attached petition in the court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff.

Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this 13th day of *March*, 2017.　　JANET DALLAS
　　　　　　　　　　　　　　　　　Court Clerk

(Seal)　　　　　　　　　　PAWNEE COUNTY COURT CLERK

By: *Glinda Nix*
　　　　　　　　　　　　Deputy Court Clerk

Attorney for Plaintiff:
Jack Beesley, OBA #30484
4416 S. Harvard Avenue
Tulsa, OK 74135
(918) 747-1000
(918) 747-7284 Fax
Email: jbeesley@carrcarr.com

FILED
In the District Court
PAWNEE COUNTY, OKLAHOMA

APR 0 4 2017

JANET DALLAS, Court Clerk
BY

This summons was served on *3.27*, 2017.

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.
#20407

**EXHIBIT 3**

IN THE DISTRICT COURT OF PAWNEE COUNTY
STATE OF OKLAHOMA

FILED
In the District Court
PAWNEE COUNTY, OKLAHOMA
MAR 1 3 2017
JANET DALLAS, Court Clerk
BY_____
DEPUTY

JENNIFER INKS,                     )
                                   )
            Plaintiff,             )     Case No.: CJ.17.21
                                   )
v.                                 )
                                   )
USAA GENERAL INDEMNITY CO.,        )     **ATTORNEY LIEN CLAIMED**
                                   )     **JURY TRIAL DEMANDED**
            Defendant.             )

## PETITION

This case is about Defendant USAA General Indemnity Co.'s failure to pay a claim after taking Plaintiff's money for her insurance policy premiums.

**COMES NOW** the Plaintiff, Jennifer Inks, by and through her attorney of record, Jack Beesley of Carr & Carr Attorneys, and for her cause of action against Defendant, USAA General Indemnity Company, submits and states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Jennifer Inks is a resident of Pawnee County, Oklahoma.

2. Defendant USAA General Indemnity Company is a Foreign Corporation, doing business in, and availing itself of jurisdiction in, Pawnee County, Oklahoma. Specifically Defendant provides insurance policies to residents of Pawnee County, Oklahoma, including Plaintiff.

3. The acts, occurrences, and omissions complained of herein occurred in Pawnee County, Oklahoma.

4. This Court has jurisdiction and venue is proper in Pawnee County, Oklahoma.

## FACTS COMMON TO ALL CLAIMS

5. Paragraphs 1-4 are incorporated herein by reference.

6. Plaintiff entered into an insurance contract/policy with Defendant wherein she insured her 2014 Kia Forte for liability and collision/comprehensive insurance coverage.

7. Plaintiff paid her premiums under this contract/policy through auto-draft out of her bank account.

8. Defendant drafted the September 2016 premium payment out of Plaintiff's bank account.

9. On or about September 14, 2016 Plaintiff was in a motor vehicle collision.

10. Plaintiff submitted a claim to Defendant for her vehicle, including the total loss, tow charges, and storage charges.

11. The other driver involved in the September 14 collision also made a claim against Plaintiff/her insurance for damage to her vehicle and for injuries.

12. Defendant denied these claims alleging Plaintiff failed to pay her premium.

13. The other driver involved in the September 14 collision is pursuing a claim and this has resulted in Plaintiff losing her driver's license since Defendant alleges that Plaintiff had no insurance as of the date of the collision. This would not have occurred if Defendant had paid the claim as it should have.

14. Plaintiff's son needs medical treatment that is far from their house, but Plaintiff cannot drive him without her driver's license (that was suspended due to Defendant's failure to provide insurance and pay the claim).

15. Plaintiff has repeatedly asked Defendant to pay the claims, but Defendant has wholly failed to do so.

16. Plaintiff has suffered embarrassment, anxiety, and depression due to Defendant's actions.

17. Plaintiff relied on Defendant to properly handle his claim and make payment on the claim pursuant to the aforementioned insurance contract/policy in a timely fashion. Plaintiff has met all of the conditions precedent for payment of claims under said insurance contract/policy.

18. Defendant unreasonably delayed, failed, and refused to pay the benefits under the insurance contract policy despite them being due and owing under said policy/contract.

19. Plaintiff has thus suffered damages due to Defendant's breach of contract and breach of its duty of good faith and fair dealing.

## CAUSES OF ACTION

### I. Breach of Contract

20. Paragraphs 1-19 are incorporated herein by reference.

21. Plaintiff was insured by a contract/policy with Defendant at the time of the event alleged herein, providing for coverage for such an occurrence like the one at issue in this case.

22. Pursuant to the terms of the contract/policy of insurance with Defendant, this is an occurrence wherein the coverages contained in said policy apply to the event involving Plaintiff, her vehicle, and the other driver involved in the September 14 collision.

23. Plaintiff has performed all conditions precedent under the contract/policy.

24. Defendant has breached its contract of insurance, has denied Plaintiff's claim, and has wholly refused or neglected to pay Plaintiff the value of her damages. Said failure constitutes a breach of contract of said insurance contract/policy and the Plaintiff has sustained damages. Plaintiff is thus entitled to a judgment against Defendant for the injuries sustained while a party to said contract/policy.

3

## II. Breach of the Implied Covenant of Good Faith and Fair Dealing

25. Paragraphs 1-24 are incorporated herein by reference.

26. Plaintiff had in effect, at the time of the September 14, 2016 event, a contract/policy providing coverage for collision/comprehensive/liability insurance loss with Defendant.

27. Defendant had, and continues to have, a duty to deal fairly and in good faith with their insured, Plaintiff Inks.

28. In its handling of Plaintiff's claim for payment/benefits under said insurance contract/policy, and as a matter of routing practice in handling similar claims, Defendant breached its duty to deal fairly and in good faith towards Plaintiff, in the following ways including, but not limited to:

   a.  Denying Plaintiff's claim for allegedly failing to pay her premium, when in fact Defendant collected the September 2016 premium out of Plaintiff's bank account;

   b.  Failing to conduct a full, fair, and timely investigation of Plaintiff's claim;

   c.  Failing to fully and fairly consider and evaluate the facts that were known, could have been known, or should have been known to Defendant with regards to Plaintiff's claim;

   d.  Wrongfully and unreasonably denying Plaintiff's claim;

   e.  Taking an adversarial approach to the evaluation of Plaintiff's claim;

   f.  Using trivial reasons to deny Plaintiff's claim when coverage/payment was clearly owed and due;

   g.  Failure to comply with industry standards;

h.      Failing to reasonably construe the law applicable to Plaintiff's claim(s) and policy;

i.      Attempting to shift the burden of investigation onto Plaintiff;

j.      Unreasonably handling Plaintiff's claim causing Plaintiff to institute unnecessary litigation;

k.      Failing to pay Plaintiff the insurance benefits that she was entitled to under the policy at the time when Defendants knew or should have known that the Plaintiff was entitled to those benefits;

l.      Unreasonably delaying payment of benefits without a reasonable basis;

m.      Refusing to pay Plaintiff's claim for reasons contrary to the express provisions of the law;

n.      Intentionally and recklessly misapplying the provisions of the insurance policy;

o.      Using its unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiff and to effect an economic gain for the Defendant by not paying an amount that they owed by virtue of the insurance contract;

p.      Failing to properly investigate the Plaintiff's claim for benefits;

q.      Failing to properly evaluate the investigation that was done on Plaintiff's claim for benefits;

r.      Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policies including the claims of the Plaintiff;

s.      Impeding the Plaintiff by imposing burdensome documentation demands not required by the facts or the policy;

t.      Creating issues simply to compromise the duty to pay the coverage benefits owed to Plaintiff;

u.      Failing to attempt to act in good faith to effectuate a prompt, fair settlement for Plaintiff's claim.

29.     As a direct result of Defendant's breach of the implied covenant of good faith and fair dealing Plaintiff suffered damages, including the loss of her insurance policy benefits, loss of use of a vehicle, loss of her driver's license, mental and emotional distress, anxiety, stress, embarrassment, expenses and financial hardship.

### III. Punitive Damages

30.     Paragraphs 1-29 are incorporated herein by reference.

31.     The intentional, wanton, grossly negligent, and reckless conduct of Defendant in disregard of the rights of Plaintiff and others is, and was, conducted with full knowledge, in that Defendant knew, or reasonably should have known, of the severe adverse consequences of its acts and omissions and that such actions and/or inactions were not only detrimental to Plaintiff but the public in general.

32.     Defendant intentionally and/or recklessly denied Plaintiff's claim when it knew that said claim was valid with payment of the claim due and owing.

33.     As a result of Defendant's intentional, malicious and reckless actions and omissions, Plaintiff is entitled to recover punitive damages.

6

34. Punitive damages should be awarded against Defendants in an amount sufficient to punish Defendants and deter others.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court enter judgment against Defendant and grant her the relief sought including, but not limited to, actual and punitive damages in excess of Seventy Five Thousand Dollars ($75,000.00), costs, pre-judgment interest, post-judgment interest and all other relief deemed appropriate by this Court.

Respectfully submitted,

CARR & CARR ATTORNEYS AT LAW

BY: _____

Jack Beesley, OBA #30484
Michael E. Carr, OBA #22520
Patrick E. Carr, OBA # 1506
A. Laurie Koller, OBA #16857
4416 South Harvard Avenue
Tulsa, OK 74135
Phone: (918) 747-1000
Fax: (918) 747-7284
*Attorneys for Plaintiff*

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $ _____
☐ Return Receipt (electronic) $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$

Total Postage and Fees
$

Sent To
Oklahoma Insurance Dpt attn: Legal
Street and Apt. No., or PO Box No.
5 Corporate Plaza, 3625 NW 56th
City, State, ZIP+4
OKC OK 73112

7016 2140 0000 8671 7091

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Oklahoma Insurance Department
Attn: Legal
5 Corporate Plaza
3625 NW 56th St, Ste 100
Oklahoma City, OK 73112

9590 9403 0290 5155 0958 00

2. Article Number *(Transfer from service label)*
2140 0000 8671 7091

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X    RECEIVED    ☐ Agent
                    ☐ Addressee
B. Received by OKLAHOMA INSURANCE DEPARTMENT    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:         ☐ No

MAR 2017

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053        Domestic Return Receipt

 **CT Corporation**

**TO:**  Enterprise Litigation
United Services Automobile Association
9800 Fredericksburg Rd # E-3-E
San Antonio, TX 78288-0002

**RE:**  **Process Served in Oklahoma**

**FOR:**  USAA General Indemnity Company  (Domestic State: TX)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JENNIFER INKS, Pltf. vs. USAA GENERAL INDEMNITY CO., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Petition |
| **COURT/AGENCY:** | Pawnee County District Court, OK<br>Case # CJ1721 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Oklahoma City, OK |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/29/2017 postmarked on 03/28/2017 |
| **JURISDICTION SERVED :** | Oklahoma |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the dya of service |
| **ATTORNEY(S) / SENDER(S):** | Jack Beesley<br>4416 S. Harvard Avenue<br>Tulsa, OK 74135<br>(918)747-1000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/30/2017, Expected Purge Date: 04/04/2017 |
| | Image SOP |
| | Email Notification, Enterprise Litigation  Linda.Allen@usaa.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | The Corporation Company<br>1833 South Morgan Road<br>Oklahoma City, OK 73128<br>214-932-3601 |

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only.

**EXHIBIT 4**



**JOHN D. DOAK**
**Insurance Commiss**
Oklahoma Insurance Depa
5 Corporate Plaza
3625 N.W. 56th St., Ste. #
Oklahoma City, OK 73112



CERTIFIED MAIL

7016 0910 0000 8401 3031

NEOPOST       FIRST-CLASS MAIL
03/28/2017
US POSTAGE    $007.29⁰



ZIP 73112
041M11276941

The Corporation Company
1833 South Morgan Road
Oklahoma City, OK 73128



## INSURANCE COMMISSIONER
### State of Oklahoma

March    28, 2017


USAA GENERAL INDEMNITY COMPANY
9800 FREDERICKSBURG RD D-3-W
SAN ANTONIO     TX   78240


RE:  CJ1721
 ~  In the District Court in PAWNEE
     State of Oklahoma
     JENNIFER LYNNE INKS
          vs
     USAA GENERAL INDEMNITY COMPANY


Dear Sir or Madam:

Enclosed is a copy of the above captioned summons
served on the Insurance Commissioner as designated agent
for service of process of foreign insurance companies doing
business in the State of Oklahoma (36 O.S. section 621(B)).

Sincerely,

JOHN DOAK
Insurance Commissioner

*Maria Torres*

Maria Torres          Legal Department


dp/enclosure



THE CORPORATION COMPANY
1833 S MORGAN RD
OKLAHOMA CITY   OK  73128

8533

**ORIGINAL**
**PLEASE RETURN**

**THE DISTRICT COURT IN AND FOR PAWNEE COUNTY**
**STATE OF OKLAHOMA**

RECEIVED
OKLAHOMA INSURANCE DEPARTMENT!
MAR 28 2017
Legal Division

JENNIFER LYNNE INKS,                )

             Plaintiff,       )       Case No. *CJ-17-21*

                     )       Judge *Pickerill*

vs.                                              )

                     )       **ISSUE** *RTA*

USAA GENERAL INDEMNITY CO.       )       **DATE** *3/13/17*

            Defendant.       )

**SUMMONS**

To: USAA General Indemnity Co., Defendant:

     You have been sued by Jennifer Lynne Inks, Plaintiff, and you are directed to file a written answer to the attached petition in the court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff.

     Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this 13th day of *March*, 2017.       **JANET DALLAS**
                                               Court Clerk

(Seal)                                      PAWNEE COUNTY COURT CLERK

                             By: _Glinda Nix_
                                   Deputy Court Clerk

Attorney for Plaintiff:
Jack Beesley, OBA #30484
4416 S. Harvard Avenue
Tulsa, OK 74135
(918) 747-1000
(918) 747-7284 Fax
Email: jbeesley@carrcarr.com

This summons was served on _____, 2017.

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.**
#20407

FILED
In the District Court
PAWNEE COUNTY, OKLAHOMA

MAR 13 2017

JANET DALLAS, Court Clerk
BY_____
                        DEPUTY

## IN THE DISTRICT COURT OF PAWNEE COUNTY
## STATE OF OKLAHOMA

JENNIFER INKS,                          )
                                        )
            Plaintiff,                   )    Case No.: CJ-17-21
                                        )
v.                                      )
                                        )
USAA GENERAL INDEMNITY CO.,             )    **ATTORNEY LIEN CLAIMED**
                                        )    **JURY TRIAL DEMANDED**
            Defendant.                   )
                                        )

## PETITION

This case is about Defendant USAA General Indemnity Co.'s failure to pay a claim after taking Plaintiff's money for her insurance policy premiums.

**COMES NOW** the Plaintiff, Jennifer Inks, by and through her attorney of record, Jack Beesley of Carr & Carr Attorneys, and for her cause of action against Defendant, USAA General Indemnity Company, submits and states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Jennifer Inks is a resident of Pawnee County, Oklahoma.

2. Defendant USAA General Indemnity Company is a Foreign Corporation, doing business in, and availing itself of jurisdiction in, Pawnee County, Oklahoma. Specifically Defendant provides insurance policies to residents of Pawnee County, Oklahoma, including Plaintiff.

3. The acts, occurrences, and omissions complained of herein occurred in Pawnee County, Oklahoma.

4. This Court has jurisdiction and venue is proper in Pawnee County, Oklahoma.

## FACTS COMMON TO ALL CLAIMS

5. Paragraphs 1-4 are incorporated herein by reference.

6. Plaintiff entered into an insurance contract/policy with Defendant wherein she insured her 2014 Kia Forte for liability and collision/comprehensive insurance coverage.

7. Plaintiff paid her premiums under this contract/policy through auto-draft out of her bank account.

8. Defendant drafted the September 2016 premium payment out of Plaintiff's bank account.

9. On or about September 14, 2016 Plaintiff was in a motor vehicle collision.

10. Plaintiff submitted a claim to Defendant for her vehicle, including the total loss, tow charges, and storage charges.

11. The other driver involved in the September 14 collision also made a claim against Plaintiff/her insurance for damage to her vehicle and for injuries.

12. Defendant denied these claims alleging Plaintiff failed to pay her premium.

13. The other driver involved in the September 14 collision is pursuing a claim and this has resulted in Plaintiff losing her driver's license since Defendant alleges that Plaintiff had no insurance as of the date of the collision. This would not have occurred if Defendant had paid the claim as it should have.

14. Plaintiff's son needs medical treatment that is far from their house, but Plaintiff cannot drive him without her driver's license (that was suspended due to Defendant's failure to provide insurance and pay the claim).

15. Plaintiff has repeatedly asked Defendant to pay the claims, but Defendant has wholly failed to do so.

16. Plaintiff has suffered embarrassment, anxiety, and depression due to Defendant's actions.

17. Plaintiff relied on Defendant to properly handle his claim and make payment on the claim pursuant to the aforementioned insurance contract/policy in a timely fashion. Plaintiff has met all of the conditions precedent for payment of claims under said insurance contract/policy.

18. Defendant unreasonably delayed, failed, and refused to pay the benefits under the insurance contract policy despite them being due and owing under said policy/contract.

19. Plaintiff has thus suffered damages due to Defendant's breach of contract and breach of its duty of good faith and fair dealing.

## CAUSES OF ACTION

### I. Breach of Contract

20. Paragraphs 1-19 are incorporated herein by reference.

21. Plaintiff was insured by a contract/policy with Defendant at the time of the event alleged herein, providing for coverage for such an occurrence like the one at issue in this case.

22. Pursuant to the terms of the contract/policy of insurance with Defendant, this is an occurrence wherein the coverages contained in said policy apply to the event involving Plaintiff, her vehicle, and the other driver involved in the September 14 collision.

23. Plaintiff has performed all conditions precedent under the contract/policy.

24. Defendant has breached its contract of insurance, has denied Plaintiff's claim, and has wholly refused or neglected to pay Plaintiff the value of her damages. Said failure constitutes a breach of contract of said insurance contract/policy and the Plaintiff has sustained damages. Plaintiff is thus entitled to a judgment against Defendant for the injuries sustained while a party to said contract/policy.

3

## II. Breach of the Implied Covenant of Good Faith and Fair Dealing

25. Paragraphs 1-24 are incorporated herein by reference.

26. Plaintiff had in effect, at the time of the September 14, 2016 event, a contract/policy providing coverage for collision/comprehensive/liability insurance loss with Defendant;

27. Defendant had, and continues to have, a duty to deal fairly and in good faith with their insured, Plaintiff Inks.

28. In its handling of Plaintiff's claim for payment/benefits under said insurance contract/policy, and as a matter of routing practice in handling similar claims, Defendant breached its duty to deal fairly and in good faith towards Plaintiff, in the following ways including, but not limited to:

 a. Denying Plaintiff's claim for allegedly failing to pay her premium, when in fact Defendant collected the September 2016 premium out of Plaintiff's bank account;

 b. Failing to conduct a full, fair, and timely investigation of Plaintiff's claim;

 c. Failing to fully and fairly consider and evaluate the facts that were known, could have been known, or should have been known to Defendant with regards to Plaintiff's claim;

 d. Wrongfully and unreasonably denying Plaintiff's claim;

 e. Taking an adversarial approach to the evaluation of Plaintiff's claim;

 f. Using trivial reasons to deny Plaintiff's claim when coverage/payment was clearly owed and due;

 g. Failure to comply with industry standards;

h.  Failing to reasonably construe the law applicable to Plaintiff's claim(s) and policy;

i.  Attempting to shift the burden of investigation onto Plaintiff;

j.  Unreasonably handling Plaintiff's claim causing Plaintiff to institute unnecessary litigation;

k.  Failing to pay Plaintiff the insurance benefits that she was entitled to under the policy at the time when Defendants knew or should have known that the Plaintiff was entitled to those benefits;

l.  Unreasonably delaying payment of benefits without a reasonable basis;

m.  Refusing to pay Plaintiff's claim for reasons contrary to the express provisions of the law;

n.  Intentionally and recklessly misapplying the provisions of the insurance policy;

o.  Using its unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiff and to effect an economic gain for the Defendant by not paying an amount that they owed by virtue of the insurance contract;

p.  Failing to properly investigate the Plaintiff's claim for benefits;

q.  Failing to properly evaluate the investigation that was done on Plaintiff's claim for benefits;

r.  Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policies including the claims of the Plaintiff;

s.   Impeding the Plaintiff by imposing burdensome documentation demands not required by the facts or the policy;

t.   Creating issues simply to compromise the duty to pay the coverage benefits owed to Plaintiff;

u.   Failing to attempt to act in good faith to effectuate a prompt, fair settlement for Plaintiff's claim.

29.   As a direct result of Defendant's breach of the implied covenant of good faith and fair dealing Plaintiff suffered damages, including the loss of her insurance policy benefits, loss of use of a vehicle, loss of her driver's license, mental and emotional distress, anxiety, stress, embarrassment, expenses and financial hardship.

### III. Punitive Damages

30.   Paragraphs 1-29 are incorporated herein by reference.

31.   The intentional, wanton, grossly negligent, and reckless conduct of Defendant in disregard of the rights of Plaintiff and others is, and was, conducted with full knowledge, in that Defendant knew, or reasonably should have known, of the severe adverse consequences of its acts and omissions and that such actions and/or inactions were not only detrimental to Plaintiff but the public in general.

32.   Defendant intentionally and/or recklessly denied Plaintiff's claim when it knew that said claim was valid with payment of the claim due and owing.

33.   As a result of Defendant's intentional, malicious and reckless actions and omissions, Plaintiff is entitled to recover punitive damages.

6

34.     Punitive damages should be awarded against Defendants in an amount sufficient to punish Defendants and deter others.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court enter judgment against Defendant and grant her the relief sought including, but not limited to, actual and punitive damages in excess of Seventy Five Thousand Dollars ($75,000.00), costs, pre-judgment interest, post-judgment interest and all other relief deemed appropriate by this Court.

Respectfully submitted,


CARR & CARR ATTORNEYS AT LAW

BY: _____
Jack Beesley, OBA #30484
Michael E. Carr, OBA #22520
Patrick E. Carr, OBA # 1506
A. Laurie Koller, OBA #16857
4416 South Harvard Avenue
Tulsa, OK 74135
Phone: (918) 747-1000
Fax: (918) 747-7284
*Attorneys for Plaintiff*